IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01503-PAB-MJW

JIMMY MARTINEZ; et al.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et al.,

Defendants.

---

## ORDER REGARDING
## DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUESTS TO ADMIT
## AND INTERROGATORIES (DOCKET NO. 40)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for consideration of Defendants' Motion to Compel Responses to Requests to Admit and Interrogatories (docket no. 40). The court has reviewed the subject motion (docket no. 40) and the response (docket no. 46) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rule of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 40), Defendants seek an order from this court requiring Plaintiffs to respond fully to Defendants' Request for Admission ("RFA") numbers 2, 4, 7, 8, and 14 and to Defendants' Interrogatories ("ROG") 4 (in part) and 5 through 25 (in full), inclusive.

Plaintiffs argue that Defendants' Interrogatory 4 (in part) is vague, ambiguous,

and overbroad. Plaintiffs' response to Defendants' Interrogatory 4 (in part) stated, in pertinent part: "Without waiving their objection Plaintiffs allege that there is a whole class of individual non-white former officers and current officers [who] have been denied terms and conditions of employment that are commonly granted to similarly situated or less qualified white officers including, but not limited to, the following . . ." Yolanda Goad-Cunningham, Dean Gonzales, George Herrera, Tammy Hurtado, Leonard Mares, John W. Martinez, Joe Rodarte, Dean Abeyta "Objection. The requested discovery exceeds the number of permissible interrogatories pursuant to the Scheduling Order dated October 27, 2008 and pursuant to Rule 33 of the F.R.C.P. [sic]. Further, the requested discover [sic] is unduly burdensome." *See* Plaintiffs' responses to Defendants' Interrogatory 4 (in part) docket no. 40-2. Plaintiffs further argue that as to Defendants' Interrogatories 5 through 25 (in full) inclusive, they are objectionable because "[t]he requested discovery exceeds the number of permissible interrogatories pursuant to the Scheduling Order dated October 27, 2008 and pursuant to Rule 33 of the F.R.C.P. [sic]. Further, the requested discover [sic] is unduly burdensome." *See* responses to Defendants' Interrogatories 5 through 25 (in full) inclusive (docket no. 40-2).

As to Request for Admission No. 2, Plaintiffs argue that the information such as in the RFA No. 1 is well outside the scope of class certification. Pursuant to the court's order of October 27, 2008, the current discovery period is to be for class certification only.

As to RFA No. 4, Plaintiffs argue that such RFA is vague and ambiguous as to the meaning of "initial."

As to RFA Nos. 7 and 8, Plaintiffs argue, *in essence*, that they should not have to admit or deny RFA Nos. 7 and 8, based upon technicalities and pursuant to Fed. R. Civ. P. 36(a) and that such information is irrelevant and exceeds the scope of discovery concerning class certification only.

As to RFA No. 14, Plaintiffs argue that such RFA is irrelevant to the issue of class certification.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to be heard;

4.      That as to Defendants' RFA No. 2, I find that such RFA is irrelevant on the class certification issue and therefore no further response is required by Plaintiffs;

5.      That as to Defendants' RFA No. 4, I find that such RFA is not vague and ambiguous and that Defendants shall be required to fully respond to this RFA;

6.      That as to Defendants' RFA Nos. 7 and 8, I find that Plaintiffs' objections listed above are without merit, and therefore Plaintiffs shall be required to either admit or deny RFA Nos. 7 and 8;

7.      That as to Defendants' RFA No. 14, I find that the objections by

Defendants to this RFA as listed above are without merit, and therefore Plaintiffs shall be required to admit or deny RFA 14.

8. That as to Defendants' ROG No. 4(f), I find that Plaintiffs' objections as to this ROG as listed above are without merit, and therefore Plaintiffs shall be required to answer fully and completely Defendants' ROG No. 4(f);

9. That as to Defendants' ROG Nos. 5 through 25, inclusive, I find that such ROGs are relevant to the issue of class certification but exceed the number of ROGS that this court had originally permitted as outlined in the Rule 16 Scheduling Order (docket no. 20). However, I find "good cause" to modify the Rule 16 Scheduling Order pursuant to Fed. R. Civ. P. 16 (b)(4) to allow additional ROGs to both Plaintiffs and Defendants in the interest of justice and judicial economy. Accordingly, Plaintiffs' objections are overruled, and Plaintiff shall be required to respond to Defendants' ROGS Nos. 5 through 25, inclusive.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Compel Responses to Requests to Admit and Interrogatories (docket no. 40) is **GRANTED IN PART AND DENIED IN PART.**

2.    That the subject motion (docket no. 40) is **GRANTED** insofar as
      Plaintiffs shall provide a full and complete response to Defendants'
      RFA Nos. 4, 7, 8, and 14 on or before February 9, 2009.  That the
      subject motion (docket no. 40) is **DENIED** as to RFA 2;

3.    That the subject motion (docket no. 40) is also **GRANTED** insofar
      as Plaintiffs shall provide to Defendants on or before February 9,
      2009, full and complete responses to Defendants' ROG Nos. 4(f)
      and 5 through 25, inclusive;

4.    That Plaintiffs shall be permitted to serve upon Defendants the
      same number including subparts of additional ROGs as outlined in
      Defendants' ROGS  Nos. 5 and 25, inclusive.  The deadline to
      complete discovery on the class certification issue is extended to
      February 27, 2009.  The Rule 16 Scheduling Order (docket no. 20)
      is amended consistent with this Order; and,

5.    That each party shall pay their own attorney fees and costs for the
      subject motion (docket no. 40).

Done this 26th day of January, 2009

                              BY THE COURT

                              S/ Michael J. Watanabe
                              MICHAEL J. WATANABE
                              U.S MAGISTRATE JUDGE