IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01503-PAB-MJW

JIMMY MARTINEZ, et al.,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, and
THE DENVER POLICE DEPARTMENT,

    Defendants.
_____

# ORDER
_____

    Plaintiffs, all of whom are current or former Denver Police Department ("DPD") officers, filed this putative class action lawsuit asserting systematic racial and gender employment discrimination by the DPD. This matter is before the Court on two dispositive motions: defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, as to the Claims of Plaintiffs Dave Castellano, Tammy Hurtado, John W. Martinez, Anne Montoya-Woods, and Joseph Rodarte [Docket No. 10]; and the Motion to Dismiss, or in the Alternative for Summary Judgment, on Behalf of Denver Police Department [Docket No. 66]. I consider each motion in turn.

**I. MOTION TO DISMISS CERTAIN PLAINTIFFS**

    At the time of filing, sixteen named plaintiffs had joined in this lawsuit. The complaint outlines how each plaintiff has allegedly suffered discrimination. Defendants move to dismiss the claims of five of the sixteen plaintiffs, asserting that they failed to bring their claims in a timely manner and that some of them failed to allege a

cognizable cause of action. After setting forth the relevant standard of review, I consider the claims of each challenged plaintiff.

## A. Standard of Review

Defendants style their motion a motion to dismiss or in the alternative for summary judgment. The reason for this dual designation is that defendants have attached extraneous material to their motion to dismiss, the consideration of which typically requires a court to treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). However, if a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

The bulk of the materials attached to defendants' motion are the charges of discrimination that the various plaintiffs filed with the EEOC. *See* Mot. to Dismiss [Docket No. 10], Exs. A-1, A-2, A-4, A-5, and A-7. The EEOC proceedings are referenced in plaintiffs' complaint, *see* Compl. [Docket No. 1] ¶ 11, and as explained below, are critical to this Court's resolution of plaintiffs' claims. Moreover, I may take judicial notice of these administrative records. *See, e.g.*, *Larson v. Conewango Prods., Corp.*, No. CV F 09-1060 LJO SMS, 2010 WL 1135987, at *5-6 (E.D. Cal. March 22, 2010) (taking judicial notice of EEOC charge); *Lunardini v. Massachusetts Mut. Life Ins. Co.*, --- F. Supp. 2d. ----, 2010 WL 749786, at *4 n.6 (D. Conn. March 1, 2010) ("Where

a plaintiff alleges in the complaint that charges of discrimination have been filed with the . . . EEOC, those charges themselves may be considered either as matters referenced in the complaint or as public records subject to judicial notice.") (internal quotations omitted). For these reasons, consideration of the EEOC charges does not convert defendants' motion into one for summary judgment. Further, I do not consider the few additional documents attached to defendants' motion. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to *and not excluded by* the court, the motion must be treated as one for summary judgment under Rule 56.") (emphasis added). The motion, therefore, will be treated as a Rule 12 motion to dismiss.

Defendants move to dismiss under both Rule 12(b)(6) and Rule 12(b)(1). Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Defendants argue that the Court lacks jurisdiction over certain claims because those claims are barred by the statute of limitations or the untimely filing of an EEOC charge. It is true that plaintiffs claims must be timely filed. However, these timeliness issues do not implicate the Court's jurisdiction. *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998) (noting that timely filing of a discrimination charge, like a statute of limitations, is not a jurisdictional prerequisite to a suit in federal court). Rather, the timely filing of an EEOC charge, like a statute of limitations, is an affirmative defense to a claim. *DeWalt v. Meredith Corp.*, 288 F. App'x 484, 490 (10th Cir. 2008) (unpublished). As a result, Rule 12(b)(1) is not the proper vehicle for assessing defendants' arguments. The motion will be considered as a Rule 12(b)(6) motion to dismiss for failure to state a claim.

"'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks and citation omitted). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks and citation omitted). Relief must plausibly follow from the facts alleged. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (internal quotation marks and citation omitted).

**B. Analysis**

Defendants attack the claims of five plaintiffs: Dave Castellano, Tammy Hurtado, John W. Martinez, Anne Montoya-Woods, and Joe Rodarte. I consider below whether those claims contain sufficient allegations to plausibly show entitlement to relief.

*1. Dave Castellano*

Defendants contend that Mr. Castellano's claims were not timely filed with the EEOC, fall outside of the relevant statutes of limitations, and, substantively, fail to state a claim. Defendants first two arguments focus on the timeliness of Mr. Castellano's claims. Specifically, defendants contend that Mr. Castellano is barred from bringing any Title VII claims based on discrimination that occurred prior to April 11, 2007 (300 days before he filed his EEOC charge) and any 42 U.S.C. §§ 1981 and 1983 claims based on discrimination that occurred prior to July 16, 2006 (two years before the filing of this lawsuit). Mot. to Dismiss [Docket No. 10] at 3. Defendants argue that plaintiffs' complaint "fails to allege any conduct occurring" within these time frames. *Id.* at 4.

The problem with defendants' argument is that whether claims are barred by a statute of limitations or because they were not timely filed with the EEOC are affirmative defenses rather than jurisdictional requirements. *See supra* at 3. Dismissing a claim under Rule 12(b)(6) on the basis of an affirmative defense is only proper where that defense is clear from the face of the complaint. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period."), *abrogated on other*

*grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see also Cosgrove v. Kansas Dept. of Social and Rehabilitation Services*, 332 F. App'x 463, 467 (10th Cir. 2009) (unpublished) ("[T]he statute of limitations is an affirmative defense, and to dismiss a claim pursuant to Rule 12(b)(6) on this basis it must be clear from the face of the complaint that the claims are time-barred."). Mr. Castellano's complaint is silent as to the precise timing of the allegedly discriminatory events. Indeed, Mr. Castellano's EEOC charge states that he was subject to a hostile work environment until his retirement in November 2007. Mot. to Dismiss [Docket No. 10], Ex. A-1. This date falls within the relevant filing periods and, because Mr. Castellano is asserting a hostile work environment claim, may even be sufficient to permit consideration of discriminatory events outside of the statutory time periods. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 ("[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period."). In any event, it is not clear from the face of the complaint and EEOC charge that Mr. Castellano's claims are untimely.

Defendants also argue that Mr. Castellano has failed to plausibly allege a hostile work environment. Mot. to Dismiss [Docket No. 10] at 4. In order to assert a racially hostile work environment, a plaintiff

> "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and that the victim "was targeted for harassment because of [his] ... race[ ] or national origin." *Sandoval v.*

> *City of Boulder*, 388 F.3d 1312, 1326-27 (10th Cir. 2004) (quotation omitted) . . . .
>
> A plaintiff does not make a showing of a pervasively hostile work environment "by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments." *Chavez* [*v. New Mexico*], 397 F.3d [826,] 832 [(10th Cir. 2005)] (quotations, citation omitted).

*Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 680 (10th Cir. 2007). Here, Mr. Castellano has alleged that "[t]hroughout his time" at the DPD, he was referred to with demeaning racial epithets, such as "beaner," "boy," "spic," and "greaseball." Compl. ¶ 75. He also asserts that a particular derogatory comment made toward him "is direct evidence of the hostile environment that non-white officers endure on a regular basis at" the DPD. *Id.* ¶ 76. Although a close call, and while the allegations lack certain details as to exactly when and how many times such comments occurred, I find that these allegations, viewed in Mr. Castellano's favor, are sufficient to state a claim that he suffered "a steady barrage of opprobrious racial comments." *Herrera*, 474 F.3d at 680. The allegations "give the defendant[s] fair notice of what [Mr. Castellano's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations and citation omitted). Further, the *Herrera* court noted that the severity and pervasiveness of a hostile work environment is "particularly unsuited for *summary judgment*," 474 F.3d at 689 (emphasis added) (quotation marks and citation omitted), suggesting that where a complaint alleges that racial slurs were regularly uttered, granting a *motion to dismiss* such a claim on the ground that the comments were not sufficiently severe or pervasive would be an extraordinary action indeed. For all of these reasons, defendants' motion to dismiss Mr. Castellano's claims is denied.

7

## 2. *Tammy Hurtado*

Like Mr. Castellano, defendants move to dismiss Ms. Hurtado's claims on timeliness grounds. Ms. Hurtado alleges that, while working a non-DPD job during approved leave from the DPD pursuant to the Family and Medical Leave Act, she was informed by defendants that she could not hold secondary employment and was recommended for discipline because of that secondary employment. Compl. ¶¶ 92-94. The recommendation of discipline was made on April 8, 2005.[1] *Id.* ¶ 95. Once again, defendants argue that this allegedly discriminatory event occurred outside of the 300-day (EEOC charge) and two-year (statute of limitations) filing periods and thus the claim is time barred.

Unlike Mr. Castellano's allegations, Ms. Hurtado has asserted the precise dates of the allegedly discriminatory acts. Thus, the timeliness defenses can be determined on a motion to dismiss. Plaintiffs do not quarrel with defendants' timing calculations or their conclusion that her claims fall outside of the filing periods but rather argue that Ms. Hurtado's claims should be equitably tolled because defendants failed to properly post EEOC notices at the workplace. Pls.' Resp. [Docket No. 15] at 3. Plaintiffs are generally correct that equitable tolling may extend both the time to file an EEOC charge and the relevant statute of limitations. *DeWalt*, 288 F. App'x at 490 ("'[T]he timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit in

---

[1] The complaint alleges that certain events leading up to the disciplinary recommendation occurred in February and March of *2006*. Compl. ¶¶ 93-94. Defendants point out that this is a typographical error and that the incidents occurred in 2005. Mot. to Dismiss [Docket No. 10] at 5. As plaintiffs do not contest this issue, I accept defendants' assertion.

federal court;' instead, 'it is best likened to a statute of limitations . . . subject to waiver, estoppel and equitable tolling.'" (quoting *Beaird*, 145 F.3d at 1174-75)). However, the Tenth Circuit has "taken a strict view of what necessitates equitable tolling." *Jarret v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994). As a result, the Tenth Circuit has repeatedly rejected the argument, advanced by plaintiffs here, that mere failure to post EEOC-approved notices – without any allegation that plaintiff was actively misled as to filing requirements – is grounds for equitable tolling. *See Castaldo v. Denver Public Schools*, 276 F. App'x 839, 842 (10th Cir. 2008) (unpublished) (accepting district court's conclusion that, because there was no allegation that defendant "intended to actively deceive [plaintiff] regarding discrimination laws by allegedly failing to post notices about filing EEOC charges," plaintiff "could not benefit from tolling on this basis"); *Bozner v. Sweetwater County School Dist. No. One*, No. 96-8087, 1997 WL 165168, at *2 (10th Cir. April 9, 1997) ("Plaintiffs in this action were not deceived, lulled into inaction, or prevented from asserting their rights in some extraordinary way. The district's alleged failure to post EEOC-approved notices is insufficient reason to invoke the doctrine of equitable tolling."); *see also Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 347 (10th Cir. 1982) ("[T]he simple failure to post . . . notices, without intent to actively mislead the plaintiff respecting the cause of action, does not extend the time within which a claimant must file his or her discrimination charge.").

In the present case, plaintiffs do not allege any active deception, but simply assert that "[d]efendants failed to post federally mandated posters regarding EEOC

practices and procedures in readily visible locations for its employees to see and have notice of their rights." Compl. ¶ 9. This is insufficient. As Ms. Hurtado does not contest that her claims were untimely, and as equitable tolling is not appropriate, defendants' motion to dismiss Ms. Hurtado's claims is granted.[2]

### 3. *John W. Martinez, Anne Montoya-Woods, and Joe Rodarte*

Defendants move to dismiss the claims of John W. Martinez, Anne Montoya-Woods, and Joe Rodarte on the same timeliness theories. Like Ms. Hurtado, these plaintiffs' allegations contain sufficient detail as to the timing of the allegedly discriminatory acts to permit consideration of defendants' affirmative defenses on a motion to dismiss. Mr. Martinez alleges discrimination occurring in the 1970s and 1980s. Compl. ¶¶ 119-21. Ms. Montoya-Woods asserts a series of allegedly discriminatory acts, *id.* ¶¶ 122-28, the last of which involved the transferring of her job duties to a "less senior male officer" in May 2005.[3] *Id.* ¶ 127. And Mr. Rodarte's alleges discrimination occurring sporadically from 1995 to 2004. *Id.* ¶¶ 129-32. Plaintiffs do not contest that these discriminatory acts fall outside of the relevant filing periods but, again, argue that these periods should be equitably tolled because of defendants' failure to post the EEOC notices. Pls.' Resp. [Docket No. 15] at 3. As

---

[2] Defendants also move to dismiss Ms. Hurtado's claims for failure to allege an adverse employment action. Because I conclude that her claims are untimely, I need not reach this issue.

[3] Ms. Montoya-Woods also alleges that she requested reassignment in January 2006 as a result of the May 2005 transfer of her job duties, but does not allege that there was any discriminatory conduct subsequent to May 2005 that "forc[ed] her subsequent transfer" request in January 2006. Compl. ¶ 128.

10

discussed above, this argument fails.  Defendants' motion to dismiss the claims of Mr. Martinez, Ms. Montoya-Woods,[4] and Mr. Rodarte is granted.

## II. MOTION TO DISMISS DENVER POLICE DEPARTMENT

Defendants also move to dismiss the DPD as a party to this action.  Mot. to Dismiss on Behalf of Denver Police Dep't [Docket No. 66].  Defendants argue that this case is properly asserted against only the City and County of Denver and not against one of its component departments.  Plaintiffs have not filed any response to this motion. "A police department is merely a vehicle through which a city government fulfills its policing functions, and thus is not a proper defendant in a civil lawsuit."  *Nasious v. Littleton Police Dept.*, No. 07-cv-1001-ZLW-KMT, 2009 WL 734719, at *4 (D. Colo. Feb. 19, 2009) (Tafoya, M.J.) (citing *Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985); *Boren v. Colorado Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985); *Renalde v. City and County of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo. 1992)).  Defendants' motion is granted.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, as to the Claims of Plaintiffs Dave Castellano, Tammy Hurtado, John W. Martinez, Anne Montoya-Woods, and Joseph Rodarte [Docket No. 10] is GRANTED in part and DENIED in part.  All claims asserted by plaintiffs Tammy Hurtado, John W.

---

[4] Defendants assert additional arguments against Ms. Montoya-Woods' claims, specifically, that she filed an insufficient EEOC charge and thus failed to exhaust her administrative remedies.  Because her claims are untimely, I need not reach this issue.

11

Martinez, Anne Montoya-Woods, and Joe Rodarte are dismissed. The claims asserted by plaintiff Dave Castellano, however, are permitted to proceed. It is further

ORDERED that defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, on Behalf of Denver Police Department [Docket No. 66] is GRANTED. All claims against defendant Denver Police Department are dismissed.

DATED March 31, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge