IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01503-PAB-MJW

JIMMY MARTINEZ, et al.,

Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, and
THE DENVER POLICE DEPARTMENT,

Defendants.

---

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

---

This matter is before the Court on plaintiffs' combined motion for class certification pursuant to Fed. R. Civ. P. 23 [Docket No. 23]. Sixteen current or former Denver Police Department ("DPD") officers filed this putative class action alleging systematic racial and gender employment discrimination by the DPD.[1] The plaintiffs have requested certification of a class consisting of

> all persons, since January 1, 1979, denied employment, terminated from employment, denied promotion or benefits of employment, denied beneficial transfers or job assignments, denied training, denied bonuses and equal pay, retaliated against for complaints regarding defendants' discriminatory practices, or otherwise created a hostile work environment at Denver Police Department . . . on the basis of race, color and/or ethnic group, national origin, and/or sex.

Pls.' Mot. at 2. Plaintiffs further requested appointment of named plaintiffs Jimmy Martinez and Leonard Mares as class representatives and Genet & Martinez, P.C. as

---

[1]The Court dismissed four of the sixteen plaintiffs' claims because they were time barred [Docket No. 68], leaving twelve plaintiffs.

class counsel. *Id.* Defendants filed a brief opposing the motion for class certification [Docket No. 57], and plaintiffs replied [Docket No. 65].

Plaintiffs' claims include discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, retaliation in violation of Title VII, and unlawful employment practices in violation of 42 U.S.C. § 1981 and § 1983. Plaintiffs request money damages for all economic losses stemming from these violations, including unpaid income, retroactive pay, lost pay and future income, as well as compensation for emotional distress caused by DPD's alleged discrimination. In addition to their claims for monetary relief, plaintiffs seek a declaration of their rights against DPD, as well as an injunction prohibiting DPD from engaging in discriminatory practices and requiring DPD to carry out policies that provide equal opportunities for "all non-white recruits and officers." Compl. [Docket No. 1] at 46-47.

**I. STANDARD OF REVIEW**

A district court may certify a class action if the proposed class satisfies the prerequisites of Rule 23(a) as well as the requirements of one of the three types of classes in Rule 23(b). The party seeking class certification bears the burden of proving Rule 23's requirements are satisfied. *DG ex. rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004)). In deciding whether the proposed class meets these requirements, the district court "'must accept the substantive allegations of the complaint as true,'" but it "'need not blindly rely on conclusory allegations of the complaint which parrot Rule 23' and 'may consider the legal and factual issues presented by plaintiff's complaints.'" *Id.*

## II. ANALYSIS

### A. Numerosity

Rule 23(a)(1) requires that plaintiffs seeking class certification "establish that the class is so numerous as to make joinder impracticable." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (quoting *Peterson v. Okla. City Housing Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976)). In the Tenth Circuit, there is no set formula for determining whether a proposed class is large enough to meet the numerosity requirement. *See id.* Rather, the question of numerosity is a fact-specific inquiry within the broad discretion of the district court. *Id.*

In the instant case, twelve plaintiffs remain in the suit, and plaintiffs estimate that fifteen other current or former DPD employees have filed charges of discrimination. Pls.' Reply at 2. Despite these relatively small numbers, plaintiffs' motion alleges that "the number of potential class members is likely to exceed one thousand." Pls.' Mot. at 7. Their reply, however, revises this estimate, reducing it to "at or above 500 members." Pls.' Reply at 7. This number is based on estimates from proposed representatives Martinez and Mares. These estimates, however, appear to be wholly speculative and not based the number of non-white or female police officers currently or formerly employed by DPD. *See* Pls.' Mot at 7-8. Purely speculative estimates of a proposed class size are not helpful in assessing the numerosity requirement. *See Kohn v. American Hous. Found. Inc.*, 178 F.R.D. 536, 540 (D. Colo. 1998). Plaintiffs' speculation aside, plaintiffs have concretely alleged that the twelve named plaintiffs would be members of their proposed class, along with potentially fifteen other current or

former DPD employees who filed complaints of discrimination with the EEOC. This amounts to roughly twenty-seven members of the proposed class. Plaintiffs have made no showing that joinder of these twenty-seven individuals would be impracticable. The Court therefore finds that plaintiffs do not meet the numerosity requirement. *See Johnson v. Gross*, 125 F.R.D. 169, 170-71 (W.D. Okla. 1989) (finding that proposed class of twenty-eight did not meet numerosity requirement*) aff'd sub. nom. Johnson v. Thompson,* 971 F.2d 1487, 1498 (10th Cir. 1992).

**B. Commonality**

Rule 23(a)(2) requires "only a single question of law or fact common to the entire class"; however, "[m]ere allegations of systemic violations of the law . . . will not automatically satisfy Rule 23(a)'s commonality requirement; a discrete legal or factual question common to the class must exist." *Stricklin*, 594 F.3d at 1195 (citing *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999)). In employment discrimination cases, courts have been wary to find the commonality requirement satisfied where a group of plaintiffs allege individualized and unique incidents of discrimination. *See, e.g.*, *Atwell v. Gabow*, 248 F.R.D. 588, 592-93 (D. Colo. 2008). In *Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982), the Supreme Court reversed certification of a class of Mexican-American employees alleging employment discrimination, but explained that class certification might be available in a similar context where there was "[s]ignificant proof that an employer operated under a general policy of discrimination" and "the discrimination manifested itself in hiring and promotion practices in the same general fashion." *Id.* at 159 n.15.

Here, although all plaintiffs allege the DPD discriminated against them in some way, their allegations vary widely. The named plaintiffs' claims variously include failure to promote, harassment, failure to train, discriminatory discipline, discriminatory restriction of overtime, receiving undesirable work assignments, retaliation, hostile work environment and wrongful termination. The only potential linkage between the individual incidents plaintiffs allege is plaintiffs' assertion that each incident is the result of DPD's "continuing policy and practice of discrimination." Compl. ¶ 46. Plaintiffs' allegations of discrimination, however, do not follow any consistent pattern. For example, plaintiffs allege that the DPD retaliated against many of them because of they reported instances of discrimination to the EEOC. This retaliation, however, took a variety of different forms depending on the plaintiff involved. It has ranged from unfavorable work assignments (Compl., ¶ 69), restriction of overtime (Compl., ¶ 70), restriction of patrol car access (Compl. ¶ 115), denial of training requests (Compl. ¶ 124), and verbal attacks (Compl. ¶ 153). These differing incidents, taken together, do not imply a department-wide policy of handling complaints from non-white or female employees.

Because all the plaintiffs have not been treated in the same or similar manner, or subjected to the same discriminatory practices, their treatment does not give rise to an inference that the DPD possesses a general policy of discriminating against non-whites and women. *See Falcon*, 457 U.S. at 159 n.15. Therefore, the named plaintiffs' individual claims do not present a common question of law or fact as required by Rule 23(a)(2). *See Stricklin,* 594 F.3d at 1195.

**C. Typicality**

The third requirement of Rule 23(a) is that the claims of named plaintiffs be typical of the class they seek to represent. *Stricklin*, 594 F.3d at 1198. Typicality is not defeated by "differing fact situations of the class members," so long as the claims of the named plaintiffs and class members are based on the same legal theory. *Id.* at 1198-99 (citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)). In the employment discrimination context, for a representative plaintiff to be typical, he must "allege facts not only establishing the validity of his own claim, but also facts sufficient to justify the additional inference of a class-wide policy of discrimination." *Atwell*, 248 F.R.D. at 593-94 (citing *Falcon*, 457 U.S. at 157). As explained in *Atwell*, "[t]he conclusory assertion that defendant 'has' such a policy is insufficient to turn an individual claim for discriminatory treatment into a class action on behalf of all individuals in the plaintiff's same minority group." *Id.* at 594.

Here, the claims of the named plaintiffs and the proposed class only share one feature: that they have "suffered some form of discrimination." *See* Pls.' Mot. at 11. The named plaintiffs' claims are not all based on the same legal theory, as each plaintiff has suffered from a different combination of allegedly discriminatory practices. Moreover, as explained in *Atwell*, plaintiffs' conclusory assertion that DPD has a discriminatory policy is insufficient to meet the typicality requirement. *See Atwell*, 248 F.R.D. at 593-94. Therefore, the named plaintiffs' claims are not typical of the proposed class. *See* Fed. R. Civ. P. 23(a)(3).

**D. <u>Adequate Representation</u>**

Rule 23(a)(4) permits certification of a class action only where "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of representation requires the resolution of two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Plaintiffs offer named plaintiffs Jimmy Martinez and Leonard Mares as class representatives and the law firm of Genet & Martinez, P.C. as class counsel. Defendant takes no issue with the competency of class counsel, but raises questions about whether Sgt. Mares engaged in spoilation of evidence. Def.'s Br. at 23-25, 32-34. Given the putative class' lack of commonality or typicality, further inquiry into whether Sgt. Mares could provide adequate class representation is unnecessary.

**E. <u>Requirements of 23(b)</u>**

Because plaintiffs have failed to meet the prerequisites class certification under Rule 23(a), there is no need to consider the different types of class actions provided in 23(b).

## III. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. Rule 23 [Docket No. 23] is **DENIED**.

DATED December 8, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge